UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
BERNADETTE RODRIGUEZ,

                Plaintiff,

        - against -

DEPARTMENT OF THE NAVY, OFFICE OF
THE JUDGE ADVOCATE GENERAL, U.S.
DEPARTMENT OF THE NAVY, and
UNITED STATES MARINE CORPS,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-1185 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On July 31, 2019, Plaintiff Bernadette Rodriguez ("Plaintiff"), appearing *pro se*, filed this complaint against Defendants Department of the Navy, Office of the Judge Advocate General, U.S. Department of the Navy, and United States Marine Corps, alleging that groundwater contamination at Camp Lejeune in North Carolina negatively affected the health of Plaintiff's children. (*See generally* Complaint ("Compl."), Dkt. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff leave to file an amended complaint within thirty (30) days of entry of this Order.

**BACKGROUND**

Plaintiff's complaint alleges as follows.[1] From 1983 until 1994, Plaintiff lived and worked at a military base called "Camp Lejeune" in North Carolina. (Compl., at 5.) During this time,

---

[1] "At the pleadings stage of a case, the court assumes the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint." *Durant v. N.Y.C. Housing Auth.*, No. 12-CV-937 (NGG) (JMA), 2012 WL 928343, at *1 (E.D.N.Y. Mar. 19, 2012) (quoting *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010)).

1

Plaintiff consumed contaminated drinking water while pregnant. (*Id.*) In 1988, Plaintiff gave birth to a son with an unspecified neurobiological condition. (*Id.* at 5–6.) Also in 1988, Plaintiff's three-year-old daughter was diagnosed with leukemia and cancer at the Camp Lejeune Naval Hospital. (*Id.*) Plaintiff requests "[f]ive million dollars in actual and/or punitive damages." (*Id.* at 7.)

## STANDARD OF REVIEW

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise "the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (quotations omitted), even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction

is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

The Court liberally construes Plaintiff's complaint as alleging a claim under the Federal Tort Claims Act ("FTCA"). As the Second Circuit has noted,

> The FTCA waives the United States's sovereign immunity for certain classes of torts claims and provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United States for injury or loss of property, or for personal injury or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."

*Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005) (quoting 28 U.S.C. § 1346(b)(1)). Under the FTCA, the United States government waives sovereign immunity for torts committed by its employees "under circumstances where the United States, if a private person, would be liable to the [plaintiff] in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). "To state a claim" under the FTCA, "the plaintiff must (1) satisfy the 'private party analog' element of an FTCA claim, and (2) set forth the elements necessary to state a comparable cause of action under state law." *Figueroa v. United States*, 739 F. Supp. 2d 138, 140 (E.D.N.Y. 2010).

### I.  Administrative Exhaustion

"Before bringing a claim against the United States for monetary damages or injury," however, "the plaintiff must first present the claim to the appropriate federal agency, and the agency must either deny the claim or six months need to have elapsed since the plaintiff submitted the claim." *Davila v. Lang*, 343 F. Supp. 3d 254, 272 (S.D.N.Y. 2018) (citing 28 U.S.C. § 2675(a)). This administrative exhaustion requirement "applies equally to litigants with counsel and to those proceeding *pro se*." *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004). "If the plaintiff

3

fails to first present [her] claim to the appropriate agency and exhaust administrative remedies, then the plaintiff's tort claim must be dismissed for lack of subject matter jurisdiction." *Davila*, 343 F. Supp. 3d at 272 (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)).

Here, Plaintiff states that Defendant Department of the Navy "denied my claim for damages by telling me to take it to the US District court." (Compl., at 6.) But Plaintiff's complaint is missing the following details: (1) the date on which she filed her administrative claim with the Department of the Navy; (2) the date on which that administrative claim was denied; and (3) whether that denial was a final disposition within the Department of the Navy. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's complaint in its current form. *See Pope v. Geo Grp.*, No. 18-CV-6900 (BMC) (LB), 2019 WL 79426, at *3 (E.D.N.Y. Jan. 2, 2019) ("[T]o the extent plaintiff attempts to bring a Federal Tort Claims Act claim against the United States, this claim is dismissed because the complaint fails to allege any facts showing that plaintiff has exhausted his administrative remedies."); *Graham v. Metro. Det. Ctr.*, No. 14-CV-4831 (KAM) (RLM), 2014 WL 4417360, at *2 (E.D.N.Y. Sept. 8, 2014) (dismissing FTCA claim where "plaintiff's complaint fail[ed] to allege that administrative remedies were exhausted and fail[ed] to name any individual defendant or allege any facts to support a claim that any potential Jane or John Doe defendants had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights").

Accordingly, the Court dismisses Plaintiff's complaint due to lack of subject matter jurisdiction. *Davila*, 343 F. Supp. 3d at 272.

## II. Statute of Limitations

The FTCA further provides that "[a] tort claim against the United States shall be forever barred unless it is presented to the appropriate Federal agency within two years after such claim

accrues," or "unless [the] action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Although the FTCA's exhaustion requirement is "jurisdictional and cannot be waived," *Celestine*, 403 F.3d at 82, the statute's filing deadlines "are nonjurisdictional and subject to equitable tolling," *United States v. Wong*, 135 S. Ct. 1625, 1638 (2015).

In this case, even if Plaintiff failed to file a timely administrative claim, the FTCA's statute of limitations could nevertheless be equitably tolled if Plaintiff can demonstrate that she "pursued [her] rights diligently but some extraordinary circumstance prevented her from meeting a deadline." *Id.* at 1631 (quotation omitted); *see Lopez v. Nassau Cty. Sheriffs Dep't*, No. 17-CV-3722 (DRH) (GRB), 2018 WL 3321430, at *5 (E.D.N.Y. July 5, 2018) (allowing *pro se* plaintiff to "submit[] an affidavit setting forth facts demonstrating that he acted with reasonable diligence during the time he seeks to have the statute of limitations tolled and demonstrating that the surrounding circumstances are so extraordinary to warrant application of equitable tolling"). In its current form, Plaintiff's complaint does not allege any facts evincing reasonable diligence or extraordinary circumstances that would permit this Court to equitably toll the statute of limitations as applied to Plaintiff's FTCA claim.

### III. Proper Naming of Defendants

Plaintiff identifies four defendants in her complaint: (1) the Department of the Navy, (2) the Office of the Judge Advocate General, (3) the U.S. Department of the Navy, and (4) the United States Marine Corps. (*See* Compl., at 2–3.) But Plaintiff's FTCA claim "can only be maintained against the United States." *Hylton v. Fed. Bureau of Prisons*, No. 00-CV-5747 (RR), 2002 WL 720605, at *2 (E.D.N.Y. Mar. 11, 2002) (citing *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991)); *see* 28 U.S.C. § 2679(a).

## IV. Leave to Amend

Given Plaintiff's *pro se* status, the Court grants her thirty (30) days from entry of this Order to amend her complaint to correct the aforementioned deficiencies. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (instructing district court not to dismiss *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated" (quotation omitted)).

## CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiff's complaint without prejudice. *See* Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff leave to file an amended complaint within thirty (30) days from the date of this Order. So long as Plaintiff has a legitimate basis for doing so, the Court advises Plaintiff to include the following information in her amended complaint: (1) the date on which Plaintiff filed an administrative claim complaining of the injuries her children have suffered and/or continue to suffer; (2) the name of the federal agency with which she filed the administrative claim; and (3) the date on and circumstances under which the agency issued a final decision. If possible, Plaintiff should attach a copy of any administrative claim she filed with a federal agency as well as a copy of the federal agency's final decision as exhibits to her amended complaint. Additionally, Plaintiff's amended complaint should only name the United States as a defendant. Furthermore, if Plaintiff's claim is time-barred, she should set forth any facts supporting equitable tolling in her amended complaint. Finally, Plaintiff should include in her amended complaint all facts of which she is aware that support her claim that the water she and/or her children drank at Camp Lejeune was contaminated and what the nature of the contamination was.

If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action without prejudice. All proceedings shall be stayed for 30 days

6

from entry of this Order.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 438 U.S. 444–45 (1962).

                              SO ORDERED.

                              */s/ Pamela K. Chen*
                              Pamela K. Chen
                              United States District Judge

Dated: August 20, 2019
       Brooklyn, New York