UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BERNADETTE RODRIGUEZ,

                Plaintiff,

     - against -

UNITED STATES,

                Defendant.
----------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-1185 (PKC)

PAMELA K. CHEN, United States District Judge:

On July 31, 2019, Plaintiff Bernadette Rodriguez, appearing *pro se*, filed this action alleging that the groundwater contamination at Camp Lejeune in North Carolina negatively affected the health of Plaintiff's children. (*See generally* Complaint, Dkt. 1.) By the Order dated August 20, 2019, the Court construed the claim as brought pursuant to the Federal Tort Claims Act ("FTCA"), dismissed it for lack of subject matter jurisdiction on the grounds that there was no allegation of exhaustion of required administrative procedures, and granted Plaintiff leave to file an amended complaint to correct the deficiencies of her complaint by, *inter alia*, alleging facts to show exhaustion of her administrative remedies under the FTCA.

On September 16, 2019, Plaintiff submitted a timely amended complaint in which she properly substitutes the United States as the sole Defendant and alleges that she filed an administrative claim on May 22, 2017 with the Department of the Navy and that a final agency decision was rendered by a letter dated January 25, 2019. (*See generally* Amended Complaint ("Am. Compl."), Dkt. 5.) However, because the instant civil lawsuit was not filed within six

1

months of the date of mailing of the final agency decision,[1] it is untimely, *see* 28 U.S.C. § 2401(b). Plaintiff shall show cause within thirty (30) days why this action should not be dismissed as time-barred.

## DISCUSSION

The FTCA provides that "[a] tort claim against the United States shall be forever barred . . . unless [the] action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). However, the statute of limitations for the FTCA is "subject to equitable tolling." *United States v. Wong*, 135 S. Ct. 1625, 1638 (2015). Under the doctrine of equitable tolling, a court may "pause the running of a limitations statute," "when a party has pursued [her] rights diligently but some extraordinary circumstance prevents [her] from meeting a deadline." *Id.* at 1631 (internal quotation marks and citation omitted).

This action is untimely filed. The agency's final decision was dated January 25, 2019 (and thus presumed to have been mailed to Plaintiff on that date), and clearly stated that Plaintiff must file her lawsuit "no later than six months from the date of the mailing of this letter." (*See* Am. Compl., Dkt. 5, at ECF[2] 147−48.) Her federal complaint was due on or before July 25, 2019. Because Plaintiff did not file the complaint in this action until July 31, 2019—six days outside the FTCA's six-month window—it is untimely. Neither of Plaintiff's submissions to this Court alleges any facts evincing reasonable diligence or extraordinary circumstances that would permit

---

[1] "There is a presumption that a notice provided by a government agency was mailed on the date shown on the notice." *Friedman v. Swiss Re Am. Holding Corp.*, 512 F. App'x 94, 96 (2d Cir. 2013) (quoting *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir.1996)).

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

the Court to equitably toll the six-month statute of limitations that applies to her FTCA claim. However, given her *pro se* status, Plaintiff is afforded the chance to set forth a basis for equitable tolling should she have one. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

Accordingly, Plaintiff shall show cause within thirty (30) days from the date of this Memorandum and Order why this action should not be dismissed as time-barred.

## CONCLUSION

Plaintiff shall have thirty (30) days to show cause why this action should not be dismissed as time-barred. All further proceedings shall be stayed for thirty (30) days for Plaintiff to comply with this Memorandum and Order. Plaintiff may wish to consult with the Federal Pro Se Legal Assistance Project for the Eastern District of New York at (212) 382-4729 regarding this action and the claims of her children. If Plaintiff fails to comply with this Memorandum and Order within the time allowed or show good cause why she cannot comply, the action will be dismissed as time-barred and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444−45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 2, 2019
      Brooklyn, New York